IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| BLIP COMMUNICATION, INC., ) | | |
| an Idaho Corporation, d/b/a Blip Printers, ) | Case No. CV-05-474-S-BLW | |
| ) | | |
| Plaintiff, ) | **MEMORANDUM** | |
| ) | **DECISION** | |
| v. ) | | |
| ) | | |
| U.S.F. REDDAWAY, a Subsidiary of ) | | |
| Yellow Roadway Corporation, a Delaware ) | | |
| Corporation and JOHN DOES 1 - 10, and ) | | |
| Entities A - Z, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

## INTRODUCTION

The sole remaining issue in this case is whether plaintiff Blip Communications is seeking consequential damages, banned under the Carmack Amendment, 49 U.S.C. § 14706. The parties agreed to have the issue decided on the briefs, and have now submitted their briefing. For the reasons expressed below, the Court finds that Blip is not seeking consequential damages, and is entitled to judgment in the sum of $22,665.84.

## ANALYSIS

In 2005, Blip agreed to print advertising materials for Young Kia Motors to

**Memorandum Decision – Page 1**

be used in a promotional sales event. Young Kia Motors paid Blip $22,665.84 for the materials that were marked with the specific dates of the sales event. The materials had to be delivered by July 27, 2005, in order to be used in the sales event.

On July 26, 2005, Blip contracted with defendant Reddaway to deliver the printed material by 10:00 a.m. on July 27, 2005. Reddaway did not deliver the material until August 2, 2005, which was too late for the sales event at Young Kia Motors, rendering the printed materials completely worthless. Blip was therefore forced to refund the $22,665.84 to Young Kia Motors, and filed this suit to recoup that sum from Reddaway.

On December 21, 2006, the Court held a trial-setting conference with all counsel. At the conclusion of that conference, the Court issued an order setting a bench trial for the one remaining issue in the case: "[W]hether the damages suffered by [Blip] are consequential damages, and whether they are or are not prohibited by 49 U.S.C. § 14706." *See Order* (Docket No. 23). A few weeks later, counsel agreed to have this issue decided on the briefs. *See Docket Entry Order* (filed January 3, 2007).

All parties agree that this case is governed by the Carmack Amendment. It limits damages to "the actual loss or injury to the property." *See* 49 U.S.C.

**Memorandum Decision – Page 2**

§ 14706(a). The Ninth Circuit considered this provision in *Neptune Orient Lines, LTD v. Burlington Northern*, 213 F.3d 1118 (9th Cir. 2000). There, Neptune was to deliver Nike shoes from the manufacturer to Nike's distribution center. Neptune contracted with Burlington to deliver the shoes part of the way. Burlington lost the shipment, and Neptune was forced to pay Nike about $182,000, representing the wholesale value of the shoes. Neptune then brought suit to recover this sum from Burlington.

Burlington argued that Neptune should be limited to the replacement cost – that is, the cost of manufacture, which would be far below the wholesale value of $182,000. The Circuit disagreed, finding that "[w]here the cargo owner is unable to replace the goods, mere replacement costs deprive a manufacturer of expected profit . . . and do not compensate him for what he would have had if the contract had been performed." *Id*. at 1120 (quotations omitted). The Circuit held that the "actual loss" under the Carmack Amendment was the market value of the goods at their destination, which in that case was the wholesale price of the shoes, $182,000. *Id*. at 1120-21.

Burlington also argued that Neptune was seeking consequential damages, of the type discussed in the venerable case of *Hadley v. Baxendale*, 9 Exch. 341 (1854), and thus must prove that it had put Burlington on notice of the potential for

**Memorandum Decision – Page 3**

such damages at the time of contracting. *Id*. at 1120. The Circuit rejected this argument, holding that the *Hadley* line of cases involved damages from lost productivity, and that Neptune was not seeking such damages. *Id.*

Applying *Neptune* here, the Court must determine the market value of the printed material at their destination. The parties fixed that value at $22,665.84. While Reddaway argues that this sum is a consequential damage figure which does not measure "actual loss," Blip is no more seeking damages for the end customer's lost productivity than Neptune was in its case. The late-delivered printed material in this case might as well have been lost entirely as were the shoes in *Neptune*. In both cases, the end customer was deprived of the entire value of the goods and lacked any means of mitigating that damage. Thus, *Neptune* dictates that the measure of damage in this case be $22,665.84.

The Court will therefore enter a separate Judgment, as required by Rule 58, in the sum of $22,665.84 for Blip Communications.

DATED:  **February 21, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision – Page 4**